# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

SHON ROBERT AUSTIN,

   Petitioner,

VS.          NO. 5:11-CV-267-MTT-MSH

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
GEORGIA,

   Respondent.

## ORDER

Plaintiff **SHON ROBERT AUSTIN**, a prisoner at Macon State Prison in Oglethorpe, Georgia, has filed a Petition for Writ of Mandamus and has moved to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Having reviewed Plaintiff's Petition pursuant to 28 U.S.C. § 1915A(a), the Court finds that it is frivolous and is due to be **DISMISSED** as such. For the purposes of dismissing Plaintiff's Petition, however, leave to proceed *in forma pauperis* is hereby **GRANTED**.

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who

is immune from such relief." A claim is frivolous when it appears from the face of the complaint that the allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

In the present *pro se* Petition for Writ of Mandamus, Petitioner requests the Court to compel the Eleventh Circuit Court of Appeals to "make a ruling on Petitioner's direct appeal." Petitioner contends that he is currently "pursuing post-conviction remedies" and that he is "on direct appeal with a issue of ineffective assistance of counsel and arrest without probable cause." Petitioner further claims that "this is cruel and unusual punishment," that he "is a philantropis [sic]," and that if he is not granted relief, he will suffer damages of " . . . Austin Corporation, subsidiaries, shelters, accounts, oil contracts, oil distribution, oil refineries, and pinkcookiez [sic]." Accordingly, Petitioner requests that the Eleventh Circuit be required to show cause "for not ruling on Petitioner's appeal."

Federal mandamus is, of course, available "to compel an officer or employee of the United States ... to perform a duty owed to the petitioner." 28 U.S.C. § 1361. The instant Petition, however, is completely devoid of any allegation which would authorize the Court to grant the requested relief. Petitioner does not even identify the case in which he desires a ruling or allege any actionable failure by an officer of employee of the United States to perform a duty owed.

From review of additional documents filed in this case, the Court can only gather that Petitioner was convicted of a state offense, has sought federal habeas corpus relief, and is awaiting some type of ruling from a federal court in this district. An inquiry into court records on the U.S. District Web PACER Docket Report reveals that Petitioner has no appeal pending before the Eleventh Circuit Court of Appeals. However, Petitioner did, until recently, have a Petition for Writ of Habeas Corpus pending in this Court, <u>Austin v. Brown</u>, 5:09cv-204-MTT-CHW (M.D.Ga.). That Petition was denied on June 15, 2011, as was any application for certificate of appealability. To date, no notice of appeal has been filed.

Thus, to the extent Petitioner has requested this Court to direct that a ruling be made on his habeas petition, his request is both inappropriate and moot. If Petitioner is instead attempting to seek appellate review of the order denying his petition by way of Writ of Mandamus, his procedure is fundamentally flawed. Petitioner must request such relief from the United States Court of Appeals. Either way, the Court finds that the instant Petition is frivolous, and it is **DISMISSED** as such pursuant to 28 U.S.C. § 1915A(b)(1).

**SO ORDERED**, this 19th day of July, 2011.

S/Marc T. Treadwell<br>
MARC THOMAS TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT

jlr